IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PATRICK BECK,

    Petitioner,

v.                                            No. 23-cv-43-RB-GJF

THE GOVERNMENT, FJ GARRIDO,
MARK FOREMAN, ATTORNEY GENERAL
OF NEW MEXICO,

    Respondents.

## ORDER PERMITTING AMENDMENT
## AND STRIKING MISCELLANEOUS MOTIONS

This matter is before the Court *sua sponte* upon review of the docket. Petitioner Patrick Beck commenced this case by filing a handwritten letter that apparently raised a collateral attack to ongoing criminal proceedings against him. (Doc. 1) (the "Opening Pleading"); s*ee* USA v. Beck, 22-mj-1089-DHU and USA v. Beck 23-mj-180-LF-1. Beck is incarcerated and proceeding *pro se*. After the Opening Pleading, Beck filed a twenty-seven-page handwritten supplement to it (Doc. 2), a nine-page habeas petition seeking relief under 28 U.S.C. § 2241 (Doc. 3), eleven substantive letters and notices (Docs. 5, 6, 8, 9, 10, 18, 19, 23, 27, 28, 30), several motions—six of which remain pending (Docs. 13, 17, 20, 21, 26, 29), two "Alternative" Petitions for a Writ of Habeas Corpus comprising thirty-seven pages (Docs. 22, 25), and a twenty-three-page handwritten amended Petition for a Writ of Habeas Corpus (Doc. 24). (Together, the "Supplemental Filings"). Many Supplemental Filings seek to amplify the Opening Petition by adding allegations, expanding the claims to include civil rights claims as well as challenges to the fact of his current confinement and additional challenges to the ongoing criminal proceedings against him. Others address procedural matters such as discovery and hearings and are premature because this case is pending

screening. Others seek relief that may only be pursued in the appropriate criminal case, for example in the Motion to Dismiss (Doc. 20), Beck requests dismissal of two pending federal criminal complaints.

Because Beck's filings are numerous, varied, and lengthy, the Court cannot discern what claims he intends to assert or what procedural relief he hopes to obtain while the case is still in screening under 28 U.S.C. § 1915A and while his criminal cases remain pending.  "It is not the role of … the court … to sort through a lengthy … complaint and voluminous exhibits … to construct plaintiff's causes of action."  *McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014) (citations omitted).  The Court will therefore strike the Opening Pleading, the supplement, the two alternative petitions, and the second amended Petition for a Writ of Habeas Corpus and all pending motions, letters, and notices.

If Beck seeks habeas relief, he may file a <u>single</u> amended Petition limited to twenty-seven pages within thirty (30) days of entry of this Order.  The amended petition must contain a short and plain statement demonstrating the grounds for relief, as required by Fed. R. Civ. P. 8(a).  It must clearly identify the number of the criminal case (or cases) to which his request for relief is addressed, specify grounds for relief state the facts supporting each ground, and state the relief requested. *See* Habeas Rule 2(b). The amended pleading will supersede all prior filings in this case, including the Opening Pleading (Doc. 1) and the first amended Habeas Petition (Doc. 3).  The failure to timely file an amended habeas petition on the form provided by the Court or in a form consistent therewith and consistent as well with the foregoing standards, may result in dismissal of this action without further notice.

To the extent that Beck seeks to raise civil rights claims, he must file a separate civil rights

complaint and address the $405 filing fee or apply to proceed *in forma pauperis*.

**IT IS ORDERED** that the Court hereby **STRIKES** the Opening Pleading **(Doc. 1)**, the supplement **(Doc. 2)**, the amended Habeas Petition **(Doc. 3)**, the two "Alternative" Petitions for a Writ of Habeas Corpus **(Docs. 22, 25)**, the handwritten second amended Petition for a Writ of Habeas Corpus **(Doc. 24)**, and all pending motions, letters, and notices **(Docs. 5, 6, 8-10, 13, 17-21, 23, 26- 30)**.

**IT IS FURTHER ORDERED** that within thirty (30) days of entry of this Order, Beck may file a single amended habeas petition consistent with the guidelines set forth above.

**IT IS FURTHER ORDERED** that the Clerk's Office shall **MAIL** Petitioner another copy of the form § 2241 petition. If Petitioner uses the form, those pages will be counted toward the 27-page limit. If he files anything other than a single, amended pleading (*i.e.,* motion to reconsider, exceed page limit, etc.) or if his amended pleading exceeds 27 pages, this case may be dismissed without further notice. The Clerk's Office shall also mail Petitioner a blank Section 1983 form and in forma pauperis application, which he may use to pursue any non-habeas civil rights claims.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE