IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PATRICK BECK,

    Petitioner,

v.　　　　　　　　　　　　　　　　　　　Civ. No. 23-cv-0043-RB-GJF
　　　　　　　　　　　　　　　　　　　　Cr. Nos. 22-mj-1089-DHU/23-mj-180-LF-1

THE GOVERNMENT, FJ GARRIDO,
MARK FOREMAN, ATTORNEY GENERAL
OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Petitioner Patrick Beck's third amended *pro se* 28 U.S.C. § 2241 habeas petition (Doc. 32.[1]) Petitioner seeks relief under § 2241 related to the ongoing criminal proceedings against him in two cases proceeding in the federal district court, 22-mj-1089-DHU, commenced on June 30, 2022, and 23-mj-180-LF-1, commenced on January 31, 2023. Having reviewed this matter *sua sponte* under Habeas Corpus Rule 4, the Court will dismiss the Petition without prejudice for failure to exhaust available remedies.[2]

Petitioner challenges the lawfulness of his pretrial hospitalization pursuant to the Court's finding that he is incompetent to stand trial and raises several issues related to the constitutionality

---

[1] Unless otherwise indicated, record citations refer to the civil habeas case.

[2] "Habeas Corpus Rule" refers to the Rules Governing Section 2254 Cases in the United States District Courts. The Court, in its discretion, applies those rules to the § 2241 petition. *See* Habeas Corpus Rule 1(b) ("The district court may apply any or all of these rules to [other types of] habeas corpus petitions"); *Boutwell v. Keating*, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005) (citing Rule 1(b) and holding the district court acted within its discretion by applying Section 2254 Rules to a section 2241 petition); *McFarland v. Scott*, 512 U.S. 849, 114 (1994) (citing Rule 4, and noting courts are authorized to summarily dismiss any habeas petition that appears legally insufficient on its face).

of the competency proceedings. (Doc. 32 at 2–3.) *See also* 22-mj-1089-DHU (Doc. 57); 23-mj-180-LF-1 (Doc. 27). He also claims violations of his right to a speedy trial and to effective assistance of counsel in the criminal proceedings, and he seeks dismissal of the criminal charges against him, among other issues. (Doc. 32 at 2–3.) To the extent Petitioner has raised these arguments in the criminal case, they are being held in abeyance pending completion of Petitioner's period of hospitalization. *See* 23-mj-00180-LF-1 (Doc. 34); 22-mj-01089-DHU-1 (Doc. 65).

Relief under § 2241 may be available to a federal prisoner in an ongoing federal criminal case in rare and exceptional circumstances. *Medina v. Choate*, 875 F. 3d 1025, 1026 (10th Cir. 2017); *Jones v. Perkins*, 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed, and habeas corpus should not be granted in advance of a trial."). The issues raised in the Petition, including alleged speedy trial violations, challenges to pretrial detention orders and competency determinations, alleged violations of the right to effective assistance of counsel, and alleged errors warranting dismissal of the pending criminal charges that would disrupt and intrude upon the ongoing criminal proceedings, are not the proper subject of a § 2241 petition. *Medina*, 875 F. 3d at 1027–29 (addressing speedy trial); *Chandler v. Pratt*, 96 F. App'x 661, 662 (10th Cir. 2004) (addressing pretrial detention orders); *Clark v. Revel*, No. CIV-09-228-M, 2009 WL 763487, at *1–2 (W.D. Okla. Mar. 19, 2009) (addressing involuntary commitment to restore competency); *Gonzalez v. United States*, No. 09-CV-02184-BNB, 2009 WL 4110276, at *2 (D. Colo. Nov. 24, 2009) (same); *Thompson v. Robinson*, 565 F. App'x 738, 739 (10th Cir. 2014) (addressing the right to counsel and dismissal of federal criminal charges). Nor is habeas relief permitted as an alternative to a direct appeal. *See Medina*, 875 F. 3d at 1029 ("The writ of habeas corpus should

not do service for an appeal.") (brackets and quotation omitted).

At this stage of the proceedings, Petitioner must seek relief through counsel in the criminal case. *Id.* at 1026, 1029 ("[T]he prisoner is limited to proceeding by motion to the trial court, followed by a possible appeal after judgment, before resorting to habeas relief."); 17B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4261 (3d ed. 2007) ("The requirement of exhaustion of remedies ordinarily will preclude the use of [ § 2241] before trial."). If Petitioner is unsuccessful in seeking the requested relief in the criminal case, he may appeal the trial court's ruling and, if he is still unsuccessful, he may seek relief from his conviction and/or sentence under 28 U.S.C. § 2255. *Medina*, 875 F. 3d at 1026. Petitioner may not, however, employ § 2241 to "preempt the judge presiding over the criminal case." *Id.* at 1028.

For the foregoing reasons, the Petition shall be dismissed without prejudice and this case shall be closed.

**IT IS THEREFORE ORDERED** that Patrick Beck's third amended *pro se* 28 U.S.C. § 2241 habeas petition **(Doc. 32)** is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Court will issue a final judgment herewith and close this habeas case.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE

4